[Cite as *State v. Dimuzio*, 2011-Ohio-420.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10 MA 90 |
| | ) | |
| JAMES A. DIMUZIO, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 01CR146A

JUDGMENT:                   Reversed
                           Sentence Vacated

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
                               Prosecutor
                               Ralph M. Rivera
                               Assistant Prosecutor
                               21 W. Boardman St., 6th Floor
                               Youngstown, Ohio 44503

For Defendant-Appellant         Attorney Charles E. Dunlap
                               3855 Starr's Centre Dr., Suite A
                               Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: January 24, 2011

DONOFRIO, J.

{¶1}  Defendant-appellant, James Dimuzio, appeals from a Mahoning County Common Pleas Court judgment denying his motion to terminate the balance of his sentence for assault.

{¶2}  On December 17, 2004, appellant pleaded no contest to a charge of assault, a first-degree misdemeanor in violation of R.C. 2903.13(A).  The trial court found him guilty.  On February 17, 2005, the trial court sentenced appellant to six months in jail and ordered him to pay a $1,000 fine, plus costs.

{¶3}  On March 9, 2010, appellant filed a motion to terminate sentence. Appellant alleged that as of that date he had served 84 days of his 180-day sentence, leaving a balance of 96 days.  The motion further alleged that appellant's sentence was continually interrupted by housing restrictions, i.e. jail overcrowding. Thus, appellant asked the court to terminate the balance of his sentence since he had been waiting for over five years to serve it.  Appellant relied on the Ohio Supreme Court case of *State v. Zucal* (1998), 82 Ohio St.3d 215.

{¶4}  Plaintiff-appellee, the State of Ohio, filed a memorandum in opposition. It conceded that the facts set out in appellant's motion were correct and that the law set out in *Zucal* was correct.  However, it argued that the court should not grant the motion because while appellant had attempted to serve his jail sentence only to be turned away due to overcrowding, appellant had not paid his fine in full and had not paid his court costs.

{¶5}  The trial court overruled appellant's motion on April 26, 2010.

{¶6}  On April 28, 2010, appellant filed a renewed motion to terminate sentence.  Appellant now stated that he had paid all costs current as of April 27, 2010.  He also attached a receipt from the clerk of courts showing payment in full.

{¶7}  This time, the state did not file a memorandum in opposition.

{¶8}  On May 5, 2010, however, the trial court once again denied appellant's motion finding that the state was opposed to it.

{¶9}  Appellant filed a timely notice of appeal on May 26, 2010.  The trial court granted a stay of appellant's sentence pending this appeal.

**{¶10}** Appellant raises a single assignment of error, which states:

**{¶11}** "THE COURT ERRED BY DENYING DEFENDANT'S MOTION OF APRIL 28, 2010."

**{¶12}** Appellant argues that the balance of his sentence must be vacated because five years has elapsed since his sentencing date of February 17, 2005. He points out that he has paid all fines and court costs as of April 27, 2010.

**{¶13}** The state has filed a confession of judgment in this matter. It concedes that the trial court's decision must be reversed.

**{¶14}** Both parties rely on *Zucal*, 82 Ohio St.3d 215, in support. In *Zucal*, the Ohio Supreme Court held:

**{¶15}** "1. In convictions involving misdemeanor offenses, a delay in execution of sentence resulting from jail overcrowding that exceeds five years from the date that sentence is imposed is unlawful.

**{¶16}** "2. Any sentence resulting from a conviction of a misdemeanor offense that is not completed within five years from the date of sentencing must be vacated." Id. at paragraphs one and two of the syllabus.

**{¶17}** Based on *Zucal's* authority, appellant's assignment of error has merit.

**{¶18}** For the reasons stated above, the trial court's judgment is hereby reversed and the remainder of appellant's sentence is hereby vacated.


Waite, P.J., concurs.
DeGenaro, J., concurs.